Robbins, J.
This is an action of contract with a declaration on an account annexed showing $175 due for rent. The answer is a general denial, plea of payment, and a plea of accord and satisfaction.
The plaintiff was the lessee of a building in Worcester in which a department store was operated. Apparently the plaintiff itself did no merchandising, but licensed the use of parts of the store to others for the sale of a restricted type of articles of merchandise. The defendant was licensed by an agreement dated April 9,1942, to use certain space in the store for the merchandising of men’s and women’-s clothing with the right to display the same in a certain part of *247 the store windows. The written license of April 9,1942 was a long indenture containing many provisions setting forth the rights and obligations of each of the contracting parties under many different conditions. Some of its phraseology was undoubtedly ambiguous.
On August 3,1942 David B. Isenberg, who was president and treasurer of the plaintiff, had a conference with the defendant and certain other licensees at which the financial situation of the plaintiff was discussed, subsequent to which but on that same day said Isenberg caused a written agreement to be drawn up, which he signed in the name of the plaintiff and delivered to the defendant in exchange for a check for $175. This agreement stated that in consideration of $175 the plaintiff gave certain rights to the defendant as long as he continued to occupy as licensee under the agreement of April 9, 1942. In one view this agreement of August 3,1942 was not ambiguous; but as it was supplementary to the contract of April 9, 1942, it might have been affected by the ambiguity of the earlier contract.
One of the main issues of this case was the admissibility of paroi evidence to explain or vary the written contracts and the weight to be given these contracts and such paroi evidence. Various requests presented by the defendant raised these questions.
The trial court in response to the defendant’s sixth request, ruling that paroi could not be introduced to vary the terms of a written instrument, and in denying the defendant’s third request found “that a new agreement dated August 3rd abrogated and cancelled the instrument of April 9th”. Yet the report is full of paroi evidence directed toward varying the terms of the contract of August 3rd.
In the finding filed by the trial court the following appears:
*248 “On August 3, 1942, I find that another agreement was entered into and reduced to writing signed by the plaintiff but not by the defendant, whereby the agreement of April 9th was abrogated orally and a new contractual relationship came into existence.”
From this part of the finding it is difficult to tell whether or not the oral evidence was the basis of the decision.
We are in doubt from the record how the trial court instructed itself in the matters and whether the evidence justified his finding of facts. We therefore send the case back for a retrial with the suggestion that the plaintiff, if it desires, file a motion to amend its declaration. Kaufman v. Sydeman, 251 Mass. 210, 217.